REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning the procedure used by the Legislature in `gutting' LB 220A and 31 and inserting matter which converts them into new bills. You question whether this procedure is constitutional in view of the fact that only three legislative days remain in this session of the Legislature, and in view of the recent federal district court decision in Nebraskansfor Independent Banking, Inc. v. Omaha National Bank, decided on November 30, 1976.
Section 14 of Article III of the Constitution of the State of Nebraska provides in part as follows:
 ". . . No such vote upon the final passage of any bill shall be taken, however, until five legislative days after its introduction nor until it has been on file for final reading and passage for at least one legislative day. . . ."
Judge Denney's opinion in Nebraskans for Independent Banking,Inc. v. Omaha National Bank held unconstitutional LB 763 of 1976 as having been enacted in contravention of the above-quoted section of the Nebraska Constitution. LB 763 originally related to the providing of the same advantages to building and loan associations as are provided to federal building and loan associations. On March 1, 1976, LB 763 was amended so as to relate to financial institutions and providing for attached auxiliary offices. The bill was then expedited and was adopted on March 4, 1976. Judge Denney made the factual determination that the amendment relating to commercial banking was not germane to the original bill concerning building and loan associations so that the amendment should be treated essentially as a new bill which, under the Constitution, may not be passed until five legislative days after its introduction. For the reason that the required five days was not complied with, Judge Denney held that LB 763, as relating to commercial banking, was passed in an unconstitutional manner.
Assuming the Legislature would pass the two bills in question this session, we cannot at this time render an opinion concerning the constitutionality of the procedure utilized in passing the two bills in question, because we are not in possession of sufficient facts at this time. However, we can say generally that if the new matter inserted into the two legislative bills was not germane to the matter previously being considered by the Legislature, or if the new matter had not previously been before the Legislature under another LB number for the requisite number of days, the constitutionality of the bills would be difficult to defend. However, if the new matter is germane to the original contents of the bill, or if the new matter had been before the Legislature for the requisite number of days under a different LB number, the constitutionality of the bills could probably be successfully defended.
Attached hereto is a copy of Opinion No. 18 of 1977, which was previously issued by this office upon the same general subject. This may be of some help in answering your question.